J. MORCO, INC., Plaintiff,

v.

PRENTISS MANUFACTURING COMPANY, Defendant.

Civ. A. No. J86–0272(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

June 18, 1987.

Joseph E. Lotterhos, Craig M. Geno, Mary E. McAlister, Bennett, Lotterhos, Jackson, Miss., for plaintiff.

Marc E. Brand, Brand & Abbott, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Prentiss Manufacturing Company (Prentiss) to dismiss pursuant to Rule 17(a) of the Federal Rules of Civil Procedure which provides that every action shall be prosecuted in the name of the real party in interest. Alternatively, defendant asserts that even if J. Morco, Inc. (Morco), the plaintiff, is the real party in interest, this cause should nevertheless be dismissed pursuant to Federal Rule of Civil Procedure 19(a) for failure to join a necessary and indispensable party. Plaintiff has filed timely response to the motion, and the court has considered the parties' memoranda with attachments.

Defendant Prentiss is a Mississippi corporation with its principal place of business in Booneville, Mississippi. Morco is a Texas corporation. Morco asserts diversity of citizenship as the sole basis for this court's jurisdiction. *See* 28 U.S.C. § 1332. However, according to Prentiss, this action must be dismissed as the real party in interest, or at the very least, a necessary and indispensable party to this action is a Mississippi corporation, PMC Sales, Inc. (PMC). The facts which are pertinent to this court's jurisdictional inquiry are hereinafter set forth.

Defendant Prentiss is alleged to have entered into certain contracts with PMC beginning in 1981, whereby Prentiss was to manufacture certain wearing apparel with PMC to be responsible for marketing, merchandizing and designing the items of wearing apparel. PMC subsequently filed for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code, being case number 82–01706JC. Thereafter, an arrangement was worked out between Morco and PMC for Morco to acquire all PMC stock and other assets. Those parties entered into a "proposal for the acquisition of PMC Sales, Inc. by Morco, Inc." dated July 13, 1983, under the terms of which Morco proposed the following:

> [T]o purchase all right, title, and interest in and to PMC Sales, Inc. for the sum of Twenty Thousand Dollars and No/100 ($20,000.00).
>
> For and in consideration of the payment of [that sum] Morco, Inc., will acquire all stock in PMC Sales, Inc., all sales and customers [sic] lists, PMC's existing sales force, all contract rights, all trade secrets and trade names, and any and all other tangible or intangible assets currently vested in PMC Sales, Inc., or which may become vested in PMC Sales, Inc.
>
> Morco, Inc. shall receive PMC Sales, Inc. free and clear of any and all debts, charges, liabilities, lawsuits, and any and all other claims, both legal and equitable, arising prior to the time of Morco, Inc.'s acquisition of PMC Sales, Inc.,....

Finally, the proposal, insofar as it is relevant to the court's consideration of the present motion, recited that Morco intended to continue operating the business of PMC Sales, Inc. under its present name.

In September of 1983, PMC, the debtor in bankruptcy, by and through its attorney, applied to the bankruptcy court to sell its stock pursuant to the proposal, and on September 13, 1983, an order was entered by the bankruptcy court authorizing the sale of stock free and clear of liens. However, other than the proposal and the order of the bankruptcy court, no document evidenc-

ing a sale or transfer of assets was executed between Morco and PMC.

On June 8, 1984, after the alleged sale by PMC of its stock and assets to Morco, PMC filed a complaint against Prentiss in the United States Bankruptcy Court for the Southern District of Mississippi, asserting in count I a claim concerning avoidable preferences and post-petition transactions, and in counts II and III, breach of certain alleged contracts and agreements by Prentiss. After a pretrial conference, the bankruptcy judge transferred the breach of contract issues to the United States District Court for the Southern District of Mississippi. Upon motion by defendant Prentiss for the district court to abstain from assuming jurisdiction, the action was dismissed without prejudice on April 22, 1985, on the basis that the action would be more appropriately determined in a state forum, as both parties were Mississippi corporations. However, no state court action was ever filed by PMC regarding the alleged breach of contract by Prentiss.

Further, during the time after the purported sale of PMC to Morco, PMC continued and continues to function as a going concern; it filed and continues to file monthly reports with the bankruptcy court, and is reflecting income and expenses in those reports. Moreover, even after the alleged sale, a letter was written by PMC's counsel to the bankruptcy court dated February 24, 1986, stating that,

> [t]he only remaining activity in this file is a preference claim against Prentiss Manufacturing Company, which is on file. ... Also, *the debtor has a substantial breach of contract claim against the same Prentiss Manufacturing Company.* I anticipate filing a complaint, based upon the breach of contract action, within the next ten days to two weeks.... (emphasis supplied).

The letter further represented that "once the preference and breach of contract claims are tried, we will then be in a position to know whether or not the funds will be available for reorganization or distribution to creditors." Two months later, Morco instituted the present breach of contract action against Prentiss, with the claims being essentially the same as those previously asserted by PMC in the bankruptcy court and in the district court.

▆ In this diversity action, state law is controlling for purposes of determining who is the legal owner of this cause of action. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Mississippi law, "[t]he assignee of any chose in action may sue for and recover on the same in his own name," but in order to do so, the assignment must be in writing. Miss.Code Ann. § 11–7–3 (1972); *see also Lowenberg v. Jones,* 56 Miss. 688 (1879); *Preferred Risk Mutual Co. v. Courtney,* 393 So.2d 1328 (Miss. 1981). In the case at bar, Morco has failed to provide the court with sufficient evidence to establish that it has actually purchased any part of PMC, and certainly has not demonstrated that the cause of action which it presently asserts was assigned or sold to it by PMC. All that has been submitted to date by Morco to establish its right to bring this action has been the proposal for the purchase of PMC and an order authorizing the purchase. Morco has submitted no documents transferring title, and according to representations by Morco's counsel, no such documents exist. That is, there is no written contract or assignment. The court is unwilling and unable to assume that a transfer took place based on nothing more than mere assertions by Morco that the sale did in fact occur and that Morco now owns PMC. There must be written evidence of a transfer of this cause of action, evidence which is lacking in this case. Absent such evidence, the court is compelled to conclude that PMC, not Morco, is the real party in interest.

▆ Although the complete absence of any written document evidencing an assignment of this action by PMC to Morco is sufficient in and of itself to require substitution of PMC for Morco as the real party in interest, the court concludes that even were such document to exist, PMC would be a necessary and indispensable party whose joinder in this action would be neces-

sary for just adjudication. Rule 19(a) of the Federal Rules of Civil Procedure provides that

> [a] person ... whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

There is presently pending in the bankruptcy court a preference claim which is being prosecuted by PMC against Prentiss. The subject matter of the preference claim is related to the subject matter of the breach of contract claims asserted by Morco against Prentiss. As a result of the pendency of that action, and the present action, Prentiss is situated such that there is a substantial risk that it might incur inconsistent obligations. Given that PMC is presently asserting rights as an entity in its own name, despite the alleged sale of PMC to Morco, there is a potential for PMC's later attempting to assert an interest in this action and proceeding against Prentiss. Thus, PMC is a necessary and indispensable party whose joinder would deprive this court of diversity jurisdiction. In determining whether an action should be allowed to proceed between the parties before the court in the absence of one regarded as indispensable, the court is to consider four factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.Proc. 19(b). Under the facts of this case, plaintiff clearly has an adequate remedy if the action should be dismissed, that remedy being the prosecution of its claim in the state court, which would enable complete relief to be accorded among all the parties. The next consideration, the extent to which a judgment rendered in the absence of PMC would be adequate, also militates in favor of dismissal in that the possibility of multiple litigation resulting in inconsistent obligations by Prentiss is substantial. Moreover, under the circumstances, the court would not be able to fashion a judgment so as to minimize prejudice to Prentiss. Finally, the court must determine the extent to which a judgment rendered in the absence of PMC might be prejudicial to PMC or to Prentiss. As the court is merely assuming for purposes of argument that Morco has any entitlement whatsoever to assert this claim, it is simply impossible to determine the potential prejudicial impact of a judgment in this court to either PMC or Prentiss. However, given that the remaining factors to be considered, in the court's opinion, militate in favor of dismissal, the court concludes that even were PMC not the real party in interest, the action would nevertheless have to be dismissed since the court could not in good conscience proceed in this matter without PMC's being joined as a party.

Since the effect of substitution of PMC for Morco as plaintiff would destroy diversity between the parties and hence this court's jurisdiction, or, alternatively, the addition of PMC as a party plaintiff would destroy jurisdiction, this action should be dismissed. *See Harrison v. Prather*, 404 F.2d 267 (5th Cir.1968).

Accordingly, it is ordered that the motion of defendant to dismiss is granted. A separate judgment of dismissal will be entered in accordance with Federal Rule of Civil Procedure 58.