**ELITE PARFUMS, LTD. and Jean Phillipe Fragrances, Inc., Plaintiffs,**

v.

**Pedro RIVERA, individually and d/b/a El Mago Perfumes & Cosmetics, Defendant.**

No. 93 Civ. 7904 (HB).

United States District Court, S.D. New York.

Jan. 18, 1995.

Eric Weiss, Winston & Morrone, P.C., New York City, for plaintiffs.

Steven P. Redgate, Law Offices of H. Jack Pytel, Jr., San Antonio, TX, for defendant.

## OPINION AND ORDER

BAER, District Judge [1].

This is an action for breach of contract brought by Elite Parfums, Ltd. ("Elite"), a Delaware Corporation which has its principal place of business in Manhattan. Defendant Pedro Rivera, individually and doing business as El Mago Perfumes & Cosmetics, is a citizen of Texas and brings this motion to transfer venue to the Southern District of Texas pursuant to 28 U.S.C. section 1404(a). For the reasons stated below, the motion is denied.

## I. BACKGROUND

In January 1993, plaintiff entered into a sales agreement ("Agreement") with defendant. The Agreement provided, *inter alia,* that defendant would sell plaintiff Elite's perfume line in the city of Laredo, Texas. Plaintiff agreed to sell the subject perfume line to only one other merchant in that area, but allegedly breached the contract by selling the same perfume line to two competitors of defendant's in Laredo. Defendant then allegedly breached by failing to make payments required under the Agreement. Plaintiff subsequently brought this action to recover damages. Defendant then moved to transfer venue to the Southern District of Texas.

## II. STANDARD ON MOTION TO TRANSFER VENUE

■ The federal venue statute upon which defendant makes his motion, 28 U.S.C. § 1404(a), states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer under Section 1404(a) requires the district court to "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). It is well settled that "the burden is on the defendant, when it is the moving party to establish that there should be a change of forum." *Factors Etc., Inc. v. Pro Arts Inc.,* 579 F.2d 215, 218 (2d Cir.1978) (citations omitted).

The factors to be considered by the court in determining whether a motion to transfer a case pursuant to Section 1404(a) should be granted include the location of events giving rise to the suit, convenience of the parties, convenience of the witnesses, relative ease of access to sources of proof, availability of process to compel the attendance of unwilling witnesses, the "local interest" in the dispute, the size of the dockets at the two contemplated fora, and the familiarity of the contemplated fora with the law to be applied. *Frasca v. Yaw,* 787 F.Supp. 327, 331 (E.D.N.Y. 1992); *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,* 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Brown v. Woodring,* 174 F.Supp. 640 (M.D.Pa.1959); *see also Kanbar v. U.S. Healthcare, Inc.,* 715 F.Supp. 602 (S.D.N.Y. 1989).

■ In addition to the above considerations, and of special importance in the instant case, is the presence of a forum selection clause in the Agreement. The general rule is that forum selection clauses are regularly enforced. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988); *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Weiss v. Columbia Pictures Television, Inc.,* 801 F.Supp. 1276, 1282 (S.D.N.Y.1992). The Second Circuit has a "strong policy" of enforcing forum selection agreements. *Weiss,* 801 F.Supp. at 1279 (citing cases); *accord Red*

---

1. Intern Carole Gottesman, a second-year student at New York Law School, assisted in the research and preparation of this Opinion.

*Bull Assocs. v. Best W. Int'l, Inc.*, 862 F.2d 963 (2d Cir.1988); *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 721–22 (2d Cir.1982). The *Bense* Court held that "contractual forum-selection clauses will be enforced unless it can clearly be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Bense*, 683 F.2d at 721–22 (quoting *The Bremen*, 407 U.S. at 9–12, 92 S.Ct. at 1912–14). Ultimately, however, "[t]he existence of a forum selection clause cannot preclude the district court's inquiry into the public policy ramifications of transfer decisions." *Red Bull Assocs. v. Best W. Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir.1988). Whether an action should be transferred pursuant to Section 1404(a) "is left to the sound discretion of the district court." *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989) (citations omitted).

### III. DISCUSSION

■ The Agreement at issue in the instant case contains a forum selection clause (paragraph 23 of the Agreement), which designates as proper venue "any United States District Court located within the State of New York." In order to meet the burden on his motion to transfer the case to the Southern District of Texas, defendant must show that it would either be (1) unreasonable or unjust to enforce the forum selection clause or (2) that the clause is invalid because of reasons such as fraud or overreaching. *Bense*, 683 F.2d at 721–22 (relying on *The Bremen*, 407 U.S. at 9–12, 92 S.Ct. at 1912–14).

### A. Would it be "Unreasonable" or "Unjust" to Enforce the Clause?

■ For the first prong of the analysis, the various factors enumerated in the above section may be considered, but the presence of the forum selection clause means that, as a matter of law, "the burden shifts to the [movant] to demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992). While the presence of the forum selection clause puts a greater burden on the party seeking to transfer the case, "[the] Court must determine whether the forum selection clause is valid with reference to the factors specified in section 1404(a): the interests of the parties to the litigation and the public interest, as reflected in the public policy of the forum where the suit is pending." *Weiss*, 801 F.Supp. at 1278 (citing *Red Bull Assocs. v. Best W. Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir.1988)). "The presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). Thus, while inconvenience of the parties and witnesses is a consideration, "[m]ere inconvenience and expense of travelling are not, standing alone, adequate reasons to disturb the parties' contractual choice of forum." *Weiss*, 801 F.Supp. at 1279 (citations omitted). The rationale supporting this proposition is that "[e]ven if the traveling were a serious inconvenience, it was contemplated by the parties when entering into the contract." *First Interstate Leasing Serv. v. Sagge*, 697 F.Supp. 744, 747 (S.D.N.Y.1988) (citations omitted).

■ In the instant case, defendant does not meet his heavy burden of demonstrating that enforcement of the forum selection clause would be unjust or unreasonable. While some of his witnesses will be inconvenienced, there has been no showing of extraordinary inconvenience such that defendant will be precluded from defending the action if the case were not transferred. Defendant has not shown that his witnesses are essential or that deposition testimony from his witnesses would not suffice. Moreover, defendant's wife, also a resident of Laredo, Texas and one of the listed non-party witnesses, would presumably testify in New York absent the subpoena that this Court cannot grant. *See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F.Supp. 962 (D.Del.1993) (stating presumption that because nonparty witness was the defendant's retired employee, he would testify without subpoena). Indeed, *plaintiff's* witnesses would be similarly inconvenienced by

having the action litigated in Texas. "A motion to transfer a case to a different venue should not be granted when the result is merely to shift the inconvenience to the plaintiff," *D'ull v. Kildeer Leasing, Inc.,* Civ. No. 91–4515, 1991 WL 206281, at *2 (S.D.N.Y. Sept. 27, 1991); *American Motorists Ins. Co. v. Springs Indus., Inc.,* Civ. No. 91–2260, 1991 WL 155777 (S.D.N.Y. Aug. 8, 1991), and plaintiff has asserted that it would be just as inconvenient for its witnesses to travel to Texas. Plaintiff's Mem. of Law at 4. Moreover, plaintiff states that there is significant evidence in New York relevant to this action, such as invoices. *Id.*[2] Given that the inconvenience of one party would always be greater regardless of whether the case were tried in New York or Texas, and given that the level of inconvenience appears to be comparable, the forum selection clause, as agreed to by the parties, should control.

This is not to suggest that all of the factors involved in determining whether the case should be transferred to Texas weigh in favor of the plaintiff. Most of the relevant events occurred in Texas, such as the negotiation, signing, and alleged breach of the Agreement. And Texas naturally has the "local interest" in having the action resolved, as the contract contemplated performance in Texas.[3] However, this is not enough to warrant overriding the forum selection clause.

### B. Was the Clause a Result of Fraud or Overreaching?

█ In further support of his motion to transfer the case to Texas, defendant claims that the forum selection clause is void because plaintiff did not provide defendant, who does not speak English, sufficient time to have the contract translated into English nor reviewed by an attorney. Instead, asserts defendant, he was given only a "few hours" because plaintiff's representative had to get to the airport. Defendant's Mem. of Law at 7–8. Defendant's contention is unavailing. As explained in *Leasing Serv. Corp. v. Graham,* 646 F.Supp. 1410, 1415 (S.D.N.Y.1986) (citation omitted), defendant,

> a businessman acting in a commercial context, is held to have understood the consequences of his having signed [contracts], which designate New York as the appropriate forum for any action arising thereunder. If [defendant] did not read them or hire counsel to do so, he is the victim of his own lack of diligence, not plaintiff's misconduct.

*Accord Orix Credit Alliance, Inc. v. Hamrick,* No. 90 Civ. 7012, 1991 WL 41577 (S.D.N.Y. Mar. 18, 1991). Defendant had no need to sign the contract before having it translated and reviewed by an attorney; he could have simply informed the plaintiff that he needed more time and would transmit the signed contract to plaintiff in New York by a method such as overnight mail. *See also Weiss,* 801 F.Supp. at 1279 ("[M]ere absence of negotiation over the terms of the contract does not render a forum selection clause unenforceable."); *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.,* 838 F.2d 656, 659 (2d Cir.1988).

### C. Does Texas Law Invalidate the Clause?

█ Finally, the defendant asserts that various sections of Texas law render the forum selection clause at issue invalid. He

---

**2.** Plaintiff also points out that the Court, in accordance with the agreement, will be applying New York law. Plaintiff's Mem. of Law at 4. Although a federal court sitting in the Southern District of New York would be more likely to have greater familiarity with New York law than a federal court sitting in the Southern District of Texas, this factor is of little importance where the law to be applied—that of contract breaches—is relatively straightforward. *Cf. Troyer v. Karcagi,* 488 F.Supp. 1200, 1207 (S.D.N.Y.1980).

**3.** Defendant also asserts that
> [T]he docket of the Southern District of Texas, Laredo Division has only two hundred civil cases ... awaiting trial. However, in the Southern District of New York the civil docket has four hundred cases awaiting trial. The Texas Court has a full bench hearing cases while the New York bench is only sixty percent filled at this time.

Defendant's Memo. of Law at 8. Since the time that defendant made this assertion, the Southern District bench has benefitted from a number of judicial appointments, including my own. Indeed, because I am a recently appointed Judge, my caseload has not yet reached the size of the average caseload in the Southern District of New York. As a result, this case will be heard more quickly here than in Texas.

urges that the Agreement must fail because it involved a sales representative and because the clause was not "set out conspicuously in print, type, or other form of writing that is bold-faced, capitalized, underlined, or otherwise set out in such a manner that a reasonable person against whom the provision may operate would notice." Defendant's Mem. of Law at 6 (citing Tex.Bus. & Com.Code Ann. § 35.53). However, the Supreme Court has made clear that a motion brought to transfer a case pursuant to 28 U.S.C. section 1404(a) is governed by federal, not state law. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988) ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause...."). Therefore, defendant's reliance on Texas law is misplaced, as this Court is bound by federal law in determining whether or not to grant defendant's motion to transfer the case to Texas.

### IV. CONCLUSION

For the reasons stated above, defendant's motion to transfer this case to the Southern District of Texas is denied.

**SO ORDERED.**