## NATIONAL SCHOOL REPORTING SERVS., INC., Plaintiffs,

### v.

## NATIONAL SCHOOLS OF CA., LTD., (a/k/a National Schools of CA., L.P.), Jan Anton and Greg Lawlor, Defendants.

### No. 95 Civ. 9752(DAB).

United States District Court, S.D. New York.

April 29, 1996.

---

Kupfer & Rosen, New York City, Lawrence S. Rosen, Of Counsel, for Plaintiff.

Pino & Associates, White Plains, New York, Emilia Gabriele, Of Counsel, for Defendants.

BATTS, District Judge.

Plaintiff, National School Reporting Services, Inc., compiles and sells information that can be used by potential home buyers to compare different school districts. Defendants, Jan Anton ("Anton") and Greg Lawlor ("Lawlor"), are the general partners of De-

fendant National Schools of California, Ltd. ("NSC"), which contracted with the Plaintiff to provide exclusively the Plaintiff's services in California. Plaintiff brought suit in New York State Supreme Court, New York County, to collect on a promissory note signed by Defendants in connection with their contract with Plaintiff. Defendants removed to this Court. Defendants now move to dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), for lack of personal jurisdiction.[1]

## I. BACKGROUND

Plaintiff is a New York corporation. (Pl.'s Mem.Law at 3.) The information it gathers in its business is stored in a computer database. (*Id.*) Real estate agencies and agents subscribe to the Plaintiff annually for an unlimited number of school reports. (*Id.*) In 1993, Anton and Lawlor met Neil Rosen, president of Plaintiff, and offered to buy the Plaintiff by purchasing all its stock. (*Id.*) Negotiations to buy the stock eventually broke down and Anton and Lawlor instead investigated having the exclusive right to market Plaintiff's service in California. (*Id.* at 4.)

On March 15, 1994, Defendants entered into a Franchise Agreement with the Plaintiff and signed a Promissory Note. (Pl.'s Mem.Law at 4.) In September 1994, Defendants defaulted on the Promissory Note. (*Id.*) In exchange for more time to continue their new business, Anton and Lawlor executed personal guarantees ("Guarantees") and NSC entered into a Forbearance Agreement with the Plaintiff. (*Id.* at 5.) All five documents contained New York forum selection clauses.

NSC sued Plaintiff in the Superior Court of the State of California, County of San Diego, which case was removed to the Southern District of California, alleging the Franchise Agreement was fraudulently obtained, among other claims. Plaintiff then sued in New York Supreme Court seeking to collect on the Promissory Note. Defendants now move to dismiss Plaintiff's New York cause of action, pursuant to 12(b)(2).

## II. DISCUSSION

To survive a motion to dismiss for lack of personal jurisdiction the plaintiff is required to make a prima facie showing that the defendant is subject to the court's jurisdiction. *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79 (2d Cir.1993). "Eventually personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial. But where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Id.; CutCo. Indus., Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986).

### A. Forum Selection Clause

Personal jurisdiction is governed by the laws of the state of New York. In order to have personal jurisdiction over a defendant, the defendant must have minimum contacts with the state, the defendant must have been served properly, and the defendant must be given an opportunity to be heard. Here, Defendants take issue only with the minimum contacts requirement. Defendants argue that the only way New York could have personal jurisdiction over them is through the forum selection clause found in the Promissory Note, which establishes minimum contacts by consent.[2] However, Defendants argue that the selection clause is invalid, as it was not bargained for, nor freely entered into, but obtained under duress.

Plaintiff argues that the Defendants were represented by counsel at all times and that they bargained for the language in both the

---

1. The Court notes Plaintiff's arguments that this motion should be rejected due to the Defendants' failure to follow the Court's Individual Rules and the Southern District's rules. However, as the parties have chosen to proceed with the motion as is, the Court finds no reason to reject the motion on those grounds.

2. It is clear that a personal jurisdictional requirement right may be waived. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–04, 102 S.Ct. 2099, 2104–05, 72 L.Ed.2d 492 (1982) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court" (quoting *National Equip. Rental, Ltd. v. Szukhent,* 375 U.S. 311, 316, 84 S.Ct. 411, 414–15, 11 L.Ed.2d 354 (1964))).

Franchise Agreement and the Promissory Note. Defendants signed five separate documents, each containing a forum selection clause; Plaintiff alleges that Defendants never once objected to the clauses.

The Promissory Note contains a forum selection clause which indicates that, in the event of a dispute, New York law shall apply:

"This Note shall be governed and construed in accordance with the laws of the State of New York.... Maker for itself and its successors and assigns hereby consents to the jurisdiction of the courts of the State of New York and of any federal court located in the City of New York in connection with any action or proceeding arising out of or related to this Note." (Rosen Aff., Ex. B. at 43.)

■ Forum selection clauses are regularly enforced. *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1271 (S.D.N.Y.1995) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)). To determine whether the clause is enforceable, the Court must find that the existence of the clause was communicated to the Defendants. *See Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir.1995) (the court found that a forum selection clause on the back of a cruise ticket with the phrase, "important notice—read before accepting," was sufficient notice). Here, there is no question that the Defendants were aware of the clause: the clause appears in both the Promissory Note, a two-page-long document, and in the Guarantees. Further, that the Defendants were represented by counsel at all times and that Defendants made changes to the agreement, strongly suggests knowledge of the contents of the documents at issue.

■ Next, the Court looks to the fairness of the clause. The Second Circuit has consistently held that, in cases brought under diversity jurisdiction, a forum selection clause shall be upheld, unless it can be shown that "enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir.1990) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513

(1972)); *Seward v. Devine*, 888 F.2d 957, 962 (2d Cir.1989). The Defendants assert several vague and conclusory statements in their attempt to argue that the clause is unfair. Defendants argue that the forum selection clause was not "freely negotiated," and therefore unfair. (*Id.* ¶ 11.) Defendants argue that they were under duress when they signed the Promissory Notes because they did so in order to avoid a threatened breach of contract cause of action. (*Id.* ¶¶ 12–13.) Alternatively, the Defendants state that it was not the Promissory Notes that they were forced into signing, but the Guarantees. (Defs.' Reply Mem. of Law at 3.) Regardless, the conclusory statements of duress are insufficient to show fraud or overreaching in agreeing to the forum selection clause, in any of the documents at issue, especially in light of the fact, that before any alleged duress occurred, the Defendants had already twice agreed to the New York forum selection clause when they signed the Franchise Agreement and the Promissory Note, *Weiss v. Columbia Pictures Tele., Inc.*, 801 F.Supp. 1276, 1279 (S.D.N.Y.1992) ("mere absence of negotiation over the terms of a contract does not render a forum selection clause unenforceable"); *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988), and they were represented by counsel. *Elite Parfums*, 872 F.Supp. at 1273 (finding even if the party was not represented by counsel or did not read the agreement, a forum selection clause may be valid).

Finally, the Defendants argue that because the underlying action in California alleges that they were fraudulently induced into agreeing to the Franchise Agreement, and hence the Promissory Note, that the forum selection clause is invalid. However, the Defendants do not allege any facts showing they were fraudulently induced into signing the specific forum selection clause. Therefore, they have not met their burden of showing an improper forum selection clause. *See Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 no. 14, 41 L.Ed.2d 270 (1974); *Doctor's Assocs. v. Distajo*, 66 F.3d 438, 457 (2d Cir.1995); *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1363

(2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 385, 126 L.Ed.2d 333 (1993).

**B. Compulsory Counterclaims**

The Defendants assert that there is a federal compulsory counterclaim requirement that Plaintiff has ignored by filing its New York state action. (Defs.' Mem.Law ¶¶ 5, 15.) Defendants do not cite to Fed.R.Civ.P. 13(a),[3] nor do they argue how Rule 13(a) would affect a decision regarding the applicability of a forum selection clause. A motion pursuant to Rule 13(a) is an argument separate and apart from one regarding personal jurisdiction. Furthermore, although the Defendants mention the lack of filing a compulsory counterclaim several times, they do not brief the argument and they assert that they intend to make an additional motion to transfer venue based on this ground.[4] Hence, the Court can reach no other conclusion than the Defendants have not applied to the Court for this relief at this time, and the issue is not properly before this Court. The Court finds these assertions do not bear on whether a forum selection clause should be enforced.

Finally, the Court denies Defendants' request to transfer *sua sponte* venue of this case.

### III. CONCLUSION

Defendants' motion to dismiss, based on lack of personal jurisdiction, is DENIED. Furthermore, Defendants' request for the Court to transfer venue *sua sponte* is DENIED.

SO ORDERED.

---

3. Rule 13(a) states, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for adjudication the presence of third parties of whom the court cannot obtain jurisdiction...." Although, this may apply to the present case, the parties have not briefed nor requested this relief.

4. Defendants should note Fed.R.Civ.P. 12(g) before attempting to bring this motion.