**THIRD AVENUE TRUST, Plaintiff,**

v.

**SUNTRUST BANK, Defendant.**

No. 00 Civ. 6747(RLC).

United States District Court, S.D. New York.

April 4, 2001.

Gibson, Dunn & Crutcher LLP, New York, New York, for the Plaintiff, Marshall R. King, of counsel.

Silverberg, Stonehill & Goldsmith, P.C., New York, New York, for the Defendant, Michael Goldsmith, Kenneth R. Schachter, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Defendant SunTrust Bank ("SunTrust") moves to dismiss this action pursuant to Rule 12(b)(7), F.R. Civ. P., for failure to join a party under Rule 19, F.R. Civ. P., or, in the alternative, to transfer this action from the Southern District of New York to the District of Delaware, pursuant to 28 U.S.C. § 1404(a). Plaintiff Third Avenue Trust ("Third Avenue") opposes both motions.

## BACKGROUND

Plaintiff Third Avenue is a Delaware business trust, with its principal place of business in New York, New York. The trustees of Third Avenue are citizens of New York, Pennsylvania, Maryland, Texas, Connecticut and the District of Columbia. Defendant SunTrust is a banking corporation, with its principal place of business in Atlanta, Georgia.

In August 1997, pursuant to written assignments of claim, Third Avenue purchased two claims from SunTrust, alleged-ly in the amount of $1,562,635.04 (the "First Claim") and $29,766.30 (the "Second Claim"), against Montgomery Ward & Co., Inc. ("Montgomery"), then a debtor in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). Third Avenue allegedly paid SunTrust $552,782.15 and $8,929.89, respectively, in consideration of assignment of the First and Second Claims.

In both assignment contracts, SunTrust warranted that the claims against Montgomery were valid and undisputed. SunTrust further agreed that if any of the claims were disallowed or objected to, and such objection remained pending or unresolved for one hundred twenty days, SunTrust would repay to Third Avenue the purchase price of the claims. SunTrust also agreed to indemnify Third Avenue for all losses, damages or liabilities arising from SunTrust's breach of warranty.

Third Avenue alleges that Montgomery objected to and/or left pending a substantial portion of the claims purchased from SunTrust. Third Avenue made demand on SunTrust for repayment of the purchase price of those claims, and SunTrust allegedly refused to make repayment. Third Avenue filed a claim against SunTrust on September 7, 2000, pursuant to 28 U.S.C. § 1332, asserting breach of contract, breach of implied covenant of good faith and fair dealing, conversion, and unjust enrichment. SunTrust now moves to dismiss this suit for failure to join Montgomery as a party, or in the alternative, to transfer venue.

### I.

#### A.

Rule 19, F.R. Civ. P., directs the court to conduct a two-step inquiry when determining whether an action should be

dismissed for failure to join a party. *See Dante Engineering, S.p.A. v. Caressa, Inc.,* 1992 WL 30693, at *1 (S.D.N.Y. Feb. 10, 1992) (Carter, J.). The threshold inquiry is whether the party is "necessary" to the action—a party to be joined "if feasible" on the grounds that:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

F.R. Civ. P. 19(a). "The party moving for joinder bears the burden of demonstrating that these conditions exist." *Atlantic Mutual Ins. Co. v. Polar Air Cargo, Ltd.,* 2000 WL 45706, at *2 (S.D.N.Y. Jan. 20, 2000) (Francis, J.) (citation omitted). If a party is found to be necessary but cannot be joined in the action, "Rule 19(b) directs the court to determine whether the action should proceed among the parties before it, or should instead be dismissed because the absent party is indispensable." *Dante Engineering, S.p.A.,* 1992 WL 30693, at *1.

### B.

■ SunTrust alleges that its claims against Montgomery, which it later assigned to Third Avenue, were account receivable claims, whereby SunTrust was the beneficiary and recipient of amounts due from Montgomery to various vendors. SunTrust alleges that Montgomery paid the vendors directly, rather than making payment to Third Avenue, in violation of its contract with Montgomery and the assignments. SunTrust therefore asserts that Montgomery is a necessary party pursuant to Rule 19(a)(1) because Montgomery's actions precipitated Third Avenue's claims.

The Second Circuit has held that "[a] nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech Dev. Co. v. University of Conn. Educ. Prop., Inc.,* 102 F.3d 677, 682 (2d Cir.1996) (quoting *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d 1030, 1044 (9th Cir.1983)). The assignment contracts in question in the instant case bind only Third Avenue and SunTrust. The court may therefore adjudicate the breach of contract and related claims between Third Avenue and SunTrust without having to adjudicate Montgomery's contractual obligations to SunTrust. *See Marathon Int'l Petroleum Supply Co. v. I.T.I. Shipping, S.A.,* 740 F.Supp. 984, 987 (S.D.N.Y. 1990) (Sweet, J.) (finding joinder of supplier unnecessary where oil buyer had separate contracts with shipper and supplier).

■ SunTrust further asserts that complete relief cannot be accorded among the parties in Montgomery's absence because Montgomery has access to all the relevant data regarding distribution to vendors and Montgomery has delayed providing this information to SunTrust. Courts have consistently held that knowledge of relevant information does not render an individual a necessary party. *See Atlantic Mutual Ins. Co.,* 2000 WL 45706, at *2. Therefore, the court finds joinder unnecessary on this basis. SunTrust remains free to seek third-party discovery from Montgomery pursuant to Rule 45, F.R. Civ. P.

■ SunTrust also claims that joinder of Montgomery is necessary under Rule 19(a)(1) because (1) Montgomery failed to obtain consent from the Bankruptcy Court to make distribution of a portion of the claims that it had in its possession, and (2)

Third Avenue allegedly granted permission to Montgomery to make distributions directly to vendors. The fact that Montgomery allegedly failed to obtain consent to make distribution on a portion of the claims owed is an issue relevant to a breach of contract claim between Montgomery and SunTrust. It has no bearing on SunTrust's alleged contractual obligation to repay Third Avenue the purchase price of any claims that are objected to and remain unresolved for one hundred twenty days. Furthermore, the fact that Third Avenue may have condoned Montgomery's actions is a potential defense available to SunTrust. However, it does not require joinder of Montgomery.

■ Lastly, SunTrust asserts that joinder will further the interest of the public in judicial economy by avoiding repeated lawsuits involving essentially the same subject matter. *See* F.R. Civ. P. 19(a)(1) Advisory Committee's Note to the 1966 Amendment. SunTrust asserts that it has submitted formal discovery requests on Montgomery in the Bankruptcy Court, which is the same information it will seek in defending the instant claim. Since a request for discovery does not rise to the level of a lawsuit, the court finds this assertion without merit. To the extent that SunTrust later brings suit against Montgomery for indemnification or contribution, such a suit would constitute a lawsuit on a different subject matter, namely the contract between SunTrust and Montgomery. *See Marathon Int'l Petroleum Supply Co.,* 740 F.Supp. at 987 (finding that potential claim for indemnification does not require joinder). Therefore, the public interest in judicial economy would not be forwarded by joinder in this case.

■ Pursuant to Rule 19(a)(2), SunTrust asserts that Montgomery claims an interest in the subject of the action to the extent that it has objected to SunTrust and Third Avenue's claims, and therefore this action cannot be effectively adjudicated in Montgomery's absence. SunTrust's assertion fails in several regards. First, the Second Circuit has explained that "[s]ubparts (i) and (ii) [of Rule 19(a)(2)] are contingent ... upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp.,* 705 F.2d at 1043. While Montgomery may have objected to SunTrust and Third Avenue's claims, it has not asserted a legal interest in the action. SunTrust's attempt to assert such an interest on Montgomery's behalf "falls outside the language of the rule." *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 49 (2d Cir.1996).

Second, even if Montgomery's objection to Third Avenue and SunTrust's claims could be considered an assertion of a legal interest, SunTrust has not satisfactorily explained how subpart (i) or (ii) of Rule 19(a)(2) is fulfilled. SunTrust has offered no explanation as to how the instant action may "impair or impede" Montgomery's ability to protect its interest. F.R. Civ. P. 19(a)(2)(i). Nor is such an explanation plausible. A judgment in the instant case will merely determine who must bear the risk of attempting to collect from Montgomery; it will not determine whether Montgomery is actually liable.

As to Rule 19(a)(2)(ii), SunTrust asserts that it runs the risk of inconsistent obligations from this court and the Bankruptcy Court because Third Avenue filed a proof of claim for only $1,311,315.36 in the Bankruptcy Court, but seeks $1,562,635.04 from SunTrust in the instant claim.[1] The

---

**1.** Although SunTrust makes this argument in the context of Rule 19(b), it is also applicable in the context of Rule 19(a)(2)(ii).

Advisory Committee's Note to the 1966 Amendment to Rule 19(a)(2)(ii) explains that the rule "recognizes the need for considering whether a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability." Here, Montgomery, which has no claims against SunTrust, cannot subject SunTrust to a double or inconsistent obligation after adjudication.[2] The alleged discrepancy, at most, casts doubt on Third Avenue's suit for the full amount of the First Claim and serves as a potential partial defense for SunTrust.

Since Montgomery is not considered a necessary party under Rule 19(a), the court need not inquire whether dismissal is necessary under Rule 19(b).

## II.

In the alternative, SunTrust moves to transfer venue to the United States District Court for the District of Delaware. Third Avenue opposes this motion, arguing that the forum selection clauses in the assignment contracts control.[3]

## A.

On a Section 1404(a) motion to transfer venue, a district court must weigh a number of case-specific factors such as convenience of parties and witnesses, ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, plaintiff's choice of forum, systematic integrity, and fairness. *See Schneider v. Sears*, 265 F.Supp. 257, 263, 266 (S.D.N.Y.1967) (Weinfeld, J.); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). The Supreme Court has acknowledged that "[t]he presence of a forum-selection clause ... will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc.*, 487 U.S. at 29, 108 S.Ct. 2239. Where a Section 1404(a) motion involves a forum selection clause, the district court must first determine whether the clause is valid, and then assess whether the clause should be enforced. *See Strategic Mktg. & Commun. Inc., v. Kmart Corp.*, 41 F.Supp.2d 268, 271 (S.D.N.Y.1998) (Carter, J.). The burden of the latter inquiry falls on the moving party, who must "demonstrate exceptional facts explaining why he should be

---

**2.** SunTrust cites to *Morco, Inc. v. Prentiss Manuf. Co.*, 675 F.Supp. 1039 (S.D.Tex.1987), for the proposition that joinder is necessary where there is a risk of inconsistent obligations. That case is inapposite. *Morco, Inc.* dealt with an assignee who brought a claim against the party that had contracted with the assignor (the "manufacturer") rather than against the assignor itself. *See id.* at 1040–41. The scenario was complicated by the absence of any written document evidencing assignment of the claim, and the fact that a preference claim between the assignor and the manufacturer was already pending in bankruptcy court. *See id.* at 1041. In such a case the court held that the assignor was a necessary party since otherwise the manufacturer would be at risk of inconsistent obligations. *See id.* at 1042. Here there is written evidence of the assignment, and the assignee has brought a suit directly against the assignor,

not against the party that contracted with the assignor. Therefore, there is no risk to SunTrust of inconsistent obligations.

**3.** The forum selection clauses are identical and read as follows:

"EACH PARTY HERETO IRREVOCABLY AND UNCONDITIONALLY CONSENTS TO THE JURISDICTION OF THE COURTS LOCATED IN THE STATE OF NEW YORK IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE OR FORUM NON CONVENIENS TO ANY SUCH ACTION BROUGHT IN THOSE COURTS...."

(King. Decl., Exs. A & B, ¶ 9.)

relieved from his contractual duty." *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992) (Leisure, J.).

### B.

■ In order for the forum selection clauses to be valid, SunTrust must have had notice of their existence. *See American Fin. Servs. Group v. Technimar Indus., Inc.*, 1998 WL 684589, at *2 (S.D.N.Y. Sept. 30, 1998) (Batts, J.). In this case, the forum selection clauses were set out conspicuously in bold-faced, capitalized letters on the signature page of the assignment contracts.[4] *See Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) (holding that forum selection clause on back of cruise ticket with phrase in bold letters "important notice—read before accepting" was sufficient notice.) Moreover, SunTrust acknowledges the validity of the forum selection clauses, disputing only their enforceability. *See American Fin. Servs. Group*, 1998 WL 684589, at *2 (finding knowledge where defendant did not dispute validity of forum selection clause). Therefore, the clauses are valid.

### C.

■ Next, the court must determine whether the clauses should be enforced. SunTrust asserts that despite the existence of the forum selection clauses, venue should be transferred to the District Court for the District of Delaware for three reasons.[5] First, SunTrust contends that Montgomery, a Delaware corporation, controls witnesses, documents and other relevant information necessary for SunTrust to proceed with litigation. Even if the

court accepts SunTrust's broad allegation as true, it is not dispositive of the venue question presented. The fact that evidence and witnesses deriving from Montgomery would be located in Delaware was, or reasonably should have been, contemplated by SunTrust when it agreed to the forum selection clauses. *See Leasing Serv. Corp. v. Graham*, 646 F.Supp. 1410, 1415 (S.D.N.Y.1986) (Leisure, J.) ("[A] businessman acting in a commercial context, is held to have understood the consequences of his having signed [contracts], which designate New York as the appropriate forum for any action arising thereunder.").

■ Moreover, all of Third Avenue's witnesses and documents are located in New York. "A motion to transfer a case to a different venue should not be granted when the result is merely to shift the inconvenience to the plaintiff." *D'ull v. Kildeer Leasing, Inc.*, 1991 WL 206281, at *2 (S.D.N.Y. Sept. 27, 1991) (Stewart, J.) (citation omitted). Given that the level of inconvenience between the parties appears to be comparable, the court will not transfer venue merely to shift the inconvenience to Third Avenue. *See Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1273 (S.D.N.Y.1995) (Baer, J.).

■ Second, SunTrust alleges that Montgomery has refused to answer discovery requests voluntarily, and the United States District Court for the District of Delaware has the power to compel the requested information, whereas this court does not. This factor is not one of the traditional factors considered in determin-

---

4. *See supra* note 3.

5. As a fourth reason why transfer of venue is appropriate, SunTrust asserts that Montgomery is a necessary party under Rule 19, F.R. Civ. P., and the District Court for the District of Delaware may join Montgomery as a party, whereas this court may not. Since the court has found that joinder of Montgomery is unnecessary, *see* discussion *supra* pp. 217-20, this argument is moot.

**222**

ing venue. *See Schneider,* 265 F.Supp. 257, 263 (listing seven criteria applicable to a Section 1404(a) motion). Moreover, when entering into the assignment contract, SunTrust was, or reasonably should have been, aware that Montgomery would be unlikely to surrender willingly self-damaging information to help SunTrust in a suit against Third Avenue. Therefore, even if the court were to assign substantial weight to this factor, when considered against the parties' choice of forum as exhibited by the forum selection clauses, the forum selection clauses prevail. SunTrust may resolve its discovery issues pursuant to Rules 45 and 32(a)(3)(B), F.R. Civ. P.

■ Third, SunTrust contends that venue should be transferred because Delaware was the locus of Montgomery's misdirection of payments, a substantial issue in the alleged breach of contract. The location of operative facts is traditionally an important factor to be considered in deciding venue. *See Mobile Video Servs., Ltd. v. National Ass'n of Broadcast Employees & Techns., AFL–CIO,* 574 F.Supp. 668, 671 (S.D.N.Y.1983) (Pollack, J.). However, here, this factor points equally to New York since the contract contemplated performance in New York in the form of payment to Third Avenue. Moreover, in *Elite Parfums, Ltd.,* the court found that the location of operative facts was insufficient to warrant overriding a forum selection clause on a Section 1404(a) motion. *See id.,* 872 F.Supp. at 1273. Where, as here, the contracts contemplated performance in New York and the forum selection clauses designated New York, the forum selection clauses, as agreed to by the parties, should control.

Since SunTrust has failed to demonstrate exceptional circumstances that would require relief from its contractual

burden, the motion to transfer venue is denied.

## CONCLUSION

For the foregoing reasons, SunTrust's motion for dismissal pursuant to Rules 12(b)(7) and 19, F.R. Civ. P., and SunTrust's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) are denied.

**IT IS SO ORDERED.**