**Michael MEAD, Plaintiff,**

v.

**Arthur ANDERSEN, LLP, and Arthur Andersen LLP Retirement Plan, Defendants.**

**No. 04 Civ. 484(VM).**

United States District Court, S.D. New York.

March 19, 2004.

receive his right-to-sue letter. That matter is not properly before me.

Michael Mead, Woodmere, NY, Pro se.

Eric D. Raphan, McDermott, Will & Emery, New York City, Michael T. Graham, McDermott, Will and Emery, Chicago, IL, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

The plaintiff brings this lawsuit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") to recover certain benefits which his former employer allegedly owes him. The employer moves this Court to dismiss two of the three ERISA-based causes of action – one for breach of fiduciary duty and the other seeking equitable relief – as inapplicable to the ordinary individual benefits controversy described in complaint. The motion is granted.

## I. BACKGROUND

Michael Mead ("Mead"), *pro se,* brings three ERISA-based causes of action against his former employer, Arthur Andersen LLP (collectively with Arthur Andersen LLP Retirement Plan, "Andersen"). Mead claims that Andersen should have classified his position of employment with Andersen as "Practice Management," "Practice Services," or "Practice Other," for purposes of a particular pension plan, thereby entitling him to certain pension benefits. He seeks (1) judgment for the pension money; (2) injunctive relief declaring him entitled to the pension; (3) restitution totaling the pension amount; (4) prejudgment interest; and (5) attorney's fees. Anderson moves to dismiss Mead's second and third causes of action, under ERISA § 502(a)(2) and § 502(a)(3), respectively.

## II. DISCUSSION

Mead's first cause of action is very straightforward: he claims that he qualified for the pension but Andersen failed to pay. That cause of action is based upon ERISA § 501(a)(1)(B), which permits a beneficiary to bring a lawsuit "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Mead's second cause of action, under ERISA § 502(a)(2), alleges that Anderson breached its fiduciary duty in connection with administering the benefits plan. *See* 29 U.S.C. § 1132(a)(2). However, a § 502(a)(2) claim must "be brought in a representative capacity on behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n. 9, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Here, Mead seeks to recover only the benefits to which he is entitled *individually;* thus the Court must dismiss that cause of action. *See Lee v. Burkhart,* 991 F.2d 1004, 1009 (2d Cir.1993) (citing *Russell* and

dismissing a § 502(a)(2) cause of action "because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan.").

Mead's third cause of action seeks "restitution" and "all other appropriate equitable relief." Compl. ¶ 18. ERISA § 502(a)(3) permits a beneficiary to recover *"appropriate* equitable relief" from ERISA violations, 29 U.S.C. § 1132(a)(3)(B) (emphasis added), but the Supreme Court has stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' " *Varity Corp. v. Howe,* 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Andersen argues that there is "no need for further equitable relief" because Congress has already "provided adequate relief" for Mead's claim – namely, § 502(a)(1)(B), Mead's first cause of action. *Id.*

Mead responds by directing the Court's attention to *Devlin v. Empire Blue Cross and Blue Shield,* in which the Second Circuit held that *Varity Corp.* "did not eliminate the possibility of a plaintiff successfully asserting a claim under both § 502(a)(1)(B), to enforce the terms of a plan, and § 502(a)(3)." 274 F.3d 76, 89 (2001). *Devlin* notes that *Varity Corp.* merely "indicated that equitable relief under § 502(a)(3) would *'normally'* not be appropriate" where a plaintiff brought claims under both § 502(a)(1) and § 502(a)(3). *Id.* (quoting *Varity Corp.,* 516 U.S. at 515, 116 S.Ct. 1065) (emphasis added).

*Devlin* is easily distinguishable from the present case, however, because the plaintiffs in *Devlin* faced the possibility that § 502(a)(3) would be "their only remaining remedy," a concern also present in *Varity Corp. Id.* In other words, it is "appropriate" to allow plaintiffs to include a § 502(a)(3) claim which may provide distinct relief from a § 502(a)(1) claim; it is inappropriate to include a § 502(a)(3) claim which, as here, merely duplicates the § 502(a)(1) claim. *See Rubio v. Chock Full O'Nuts Corp.,* 254 F.Supp.2d 413, 432 (S.D.N.Y.2003) (dismissing § 502(a)(3) claim duplicative of § 502(a)(1) claim). As in *Rubio,* Mead would "lose nothing by the dismissal of [his] alternative claim for equitable relief under § 502(a)(3)." *Id.*

Mead, however, suggests that there *is* distinct, equitable relief he seeks under § 502(a)(3), namely the interest on whatever retroactive benefits he may recover under § 502(a)(1). Mead's argument finds support in the Second Circuit's decision in *Dunnigan v. Metro. Life Ins. Co.,* 277 F.3d 223, 228–29 (2d Cir.2002). In that case, plaintiff Helen Dunnigan's employer waited four years and eight months before paying her certain disability benefits, and she sued under ERISA § 502(a)(3), on behalf of herself and all other plaintiffs whose benefit payments were delayed, to recover the interest on those payments. *Id.* at 226. The Second Circuit held that "the plan has realized an unjust enrichment (assuming the lateness was unjustified)" and that "[a]n award of interest in such circumstances serves as an equitable make-whole remedy" permissible under § 502(a)(3). *Id.* at 229.

*Dunnigan* is not applicable here because it holds that interest is available as an equitable remedy only if the delay in paying benefits is unreasonable or unjustified. *Id.* at 230. That case involved an allegation that the defendant breached an extra-contractual fiduciary duty by unjustifiably delaying payment. *Id.* at 227. Mead has made no such allegation in this case; his complaint merely states that Andersen owes him money under the plan. To the extent Mead seeks interest as part of his *contractual* rights under the plan, that claim would be legal, not equitable.

In any event, the day before *Dunnigan* was decided, the Supreme Court decided *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), which is nowhere mentioned in *Dunnigan* and which calls into question the relevant holding in *Dunnigan.* *See Flint v. ABB, Inc.,* 337 F.3d 1326, 1331 (11th Cir.2003) ("The Court's decision in *Knudson,* therefore, raises the question whether § 502(a)(3) ever allows an award of interest for delayed benefits or whether such a claim is an impermissible attempt to dress an essentially legal claim in the language of equity"); *Campanella v. Mason Tenders' District Council Pension Plan,* 299 F.Supp.2d 274, 292 (S.D.N.Y.2004) (stating that *Knudson* "casts serious doubt on *Dunnigan's* broader characterization of interest on retroactive awards of benefits as a permissible form of equitable relief").

In *Knudson,* defendant Janette Knudson ("Knudson") was injured in a car accident and obtained compensation for that injury from both her ERISA plan and from a settlement with the car manufacturer and other tortfeasors. *Id.* at 207, 122 S.Ct. 708. The ERISA plan's insurance company sued Knudson under § 502(a)(3) to enforce a plan provision requiring her to reimburse the plan for any plan benefits which she also recovered from a third-party. *Id.* The Supreme Court held that § 502(a)(3) was an improper means by which to enforce that right because the claim was legal, not equitable. *Id.* at 210–221. *Knudson* stated that determining whether a cause of action is "legal or equitable in a particular case (and hence whether it is authorized by § 502(a)(3)) remains dependent on the nature of the relief sought." *Id.* at 215, 122 S.Ct. 708. Because the insurance company was "seeking legal relief – the imposition of personal liability on [Knudson] for a contractual obligation to pay money," the Supreme Court held that § 502(a)(3) did not authorize the action. *Id.* at 221, 122 S.Ct. 708.

■ Mead's claim for interest is essentially a claim for a judgment of certain money damages against Andersen in connection with an alleged breach of the plan. The fact that Mead's claim is framed as an unjust enrichment (versus breach of contract) does not affect the *Knudson* analysis, which focuses on "nature of the relief sought," not the theory supporting that relief. *Id.* at 215. *Knudson* made this point explicit by stating that, at common law, a suit seeking " 'to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money' " was considered a legal action, *"whether the contract was actual or implied."* *Id.* at 213, 122 S.Ct. 708 (quoting *Restatement of Restitution* § 160, Comment a, pp. 641–642 (1936)) (emphasis added). Unjust enrichment (the theory in the present case), of course, may be considered a form of "implied contract." *See* 66 Am.Jur.2d *Restitution and Implied Contracts* § 8 (2003) ("Unjust enrichment is also referred to as a form or theory of quasi-contract or a contract implied in law."). Under *Knudson,* Mead's claim against Andersen for interest payments cannot be classified as equitable and therefore, the Court dismisses the claim as improper under § 502(a)(3).

### III. *ORDER*

For the reasons stated, it is hereby

**ORDERED** that the motion of defendants Arthur Andersen LLP and Arthur Andersen LLP Retirement Plan to dismiss plaintiff Michael Mead's second and third causes of action is granted.

**SO ORDERED.**