Sharon **KLECHER**, Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY and the Oxford Health Plans, Inc. Employee Welfare Plan,** Defendants.

No. 01 CIV. 9566(PKL).

United States District Court, S.D. New York.

Aug. 27, 2004.

Fusco, Brandenstein & Rada, P.C., Aba Heiman, Woodbury, NY, for Plaintiff.

Lester Schwab Katz & Dwyer, LLP, Carl J. Schaerf, New York, NY, for Defendants.

## OPINION AND ORDER

LEISURE, District Judge.

Plaintiff in this ERISA action, Sharon Klecher, challenges the termination of Long–Term Disability ("LTD") benefits under her employer's benefit plan. Plaintiff originally brought a complaint against her employer's insurance plan, defendant Oxford Health Plans, Inc. Employee Welfare Plan ("the Plan"), and the Plan's insurer and claims administrator, defendant Metropolitan Life Insurance Company ("MetLife"). Klecher, the Plan and MetLife cross-moved for summary judgment, and this Court ruled on these cross-motions in an opinion and order dated June 6, 2003. *Klecher v. Metropolitan Life*, 2003 WL 21314033 (S.D.N.Y. June 6, 2003). In light of the Court's summary judgment ruling, plaintiff now moves for leave to amend her complaint under Rule 15 of the Federal Rules of Civil Procedure. Defendants oppose plaintiff's motion. For the reasons set forth below, the Court denies plaintiff's request for leave to file her proposed amended complaint, but grants plaintiff leave to file an amended complaint with limited changes to her original complaint.

## Background

This action arises from the denial of LTD benefits to plaintiff.[1] Plaintiff worked for Oxford Health Plans Inc. ("Oxford") as a Director of Provider Operations, and was a participant in, and beneficiary of, their group long-term disability plan. The plan is governed by ERISA. Oxford established and maintains the Plan, and pays the premiums for coverage on behalf of the participating employees. Benefits under the Plan are funded through a group insurance policy issued by MetLife, which fully insures the disability plan and is the claims administrator.

Klecher stopped working on October 20, 1998, and following her receipt of Short Term Disability benefits for a period, under the Terms of the Plan, began to receive LTD benefits on April 21, 1999. By letter dated October 4, 1999, MetLife terminated Klecher's LTD benefits, informing her that MetLife had reviewed her claim file and the additional medical updates regarding her disability, and that MetLife determined that plaintiff was not "disabled" under the terms of the Plan. Plaintiff disputes this determination, and the actions taken by defendants to reach this determination.

### I. *Plaintiff's Original Complaint*

Plaintiff brought a complaint for her ordinary denial of benefits dispute, setting forth in the complaint four distinct claims based upon four sets of allegations. Plaintiff brought her first claim against MetLife and the Plan for penalties for failure to provide plan documents under 29 U.S.C. 1132(c)(1). Plaintiff alleged in this claim that MetLife and the Plan failed to send requested documents to plaintiff. The Court granted summary judgment to MetLife on this claim because it is not the plan administrator, and claims for payment of penalties only can be brought against plan administrators. *See Klecher*, 2003 WL 21314033, at *8. The Court denied summary judgment to the Plan on this claim, finding that it is the plan administrator.

---

1. The background for plaintiff's current motion is drawn from the submissions of the parties in connection with the cross-motions for summary judgment, and does not constitute findings of fact. The Court presumes familiarity with the detailed factual background set forth in its summary judgment opinion and order. *See Klecher v. Metropolitan Life*, 2003 WL 21314033, at *1–2.

The Court found that it could not determine whether the Plan met its obligations to send requested documents because defendants had not addressed in this litigation plaintiff's request for the applicable 1999 policy. *Id.* at *9. Issues about whether the Plan acted in bad faith, whether the Plan delayed or otherwise acted with prejudice in response to plaintiff's requests for documents remained open, thus the Court denied summary judgment. *Id.* at *9 n. 14.

Plaintiff's original complaint set forth a second claim against the Plan for miscalculation of benefits. Plaintiff alleged in this claim that the Plan miscalculated her salary and denied her benefits due based on this miscalculation. The Court construed this claim as one brought for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). The Court dismissed the claim because plaintiff had not exhausted her administrative remedies. *Klecher,* 2003 WL 21314033, at *10.

Plaintiff's original complaint set forth a third claim against the Plan for breach of fiduciary duty. Plaintiff alleged in this claim that Oxford gave incorrect information to MetLife. Plaintiff alleged in particular that Oxford did not use the 1999 Plan although the terms of that Plan should have applied, and that Oxford described plaintiff's job to MetLife as "sedentary" rather than "light." The Court noted that plaintiff had named and served the Plan, not Oxford, and thus reviewed the third claim as if brought against the Plan. The Court construed the claim as one brought for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). The Court then dismissed the claim because plaintiff sought individual relief, but § 1132(a)(2) only permits relief sought on behalf of the Plan. *Klecher,* 2003 WL 21314033, at *9.

Plaintiff's original complaint set forth a fourth and final claim against MetLife for incorrect determination of benefits. Plain- tiff titled the claim as one for "breach of fiduciary duty," and alleged that MetLife operated under a "conflict of interest," and also that it acted arbitrarily and capriciously in determining that plaintiff was not entitled to LTD benefits. The Court noted that this claim would fail if brought as a breach of fiduciary duty claim under § 1132(a)(2) because plaintiff sought individual relief, *id.* at *7 n. 9, then construed the claim as one brought for denial of benefits under § 1132(a)(1)(B). *Id.* The Court denied summary judgment to defendants on this claim, finding that a genuine issue of material fact remains in dispute about which plan document controlled the determination of plaintiff's benefits. *Id.* at *7.

In sum, the Court's summary judgment decision upon plaintiff's original complaint included three key rulings. First, the identity of the plan that governs plaintiff's benefits is not yet clear. *Klecher,* 2003 WL 21314033, at *7. Second, plaintiff has not exhausted her administrative remedies. *Klecher,* 2003 WL 21314033, at *10. And third, plaintiff seeks to recover damages on her own behalf, not on behalf of the Plan. *Klecher,* 2003 WL 21314033, at *9. Upon these rulings the Court upheld claim one against the Plan and claim four against MetLife and dismissed the rest of the claims.

## II. *Plaintiff's Proposed Amended Complaint*

Plaintiff now moves for leave to amend her complaint and submits her proposed amended complaint with her notice of motion. Plaintiff's amended complaint includes three claims. Plaintiff's amended complaint sets forth a first claim against MetLife and the Plan for "benefits due and owing." Plaintiff alleges in this claim that MetLife and the Plan miscalculated her salary and denied her benefits due based

on this determination. (Amended Compl. ¶¶ 33–47.) Claim one of the amended complaint is essentially the same as claim two of the original complaint, except that plaintiff brings the new claim against both MetLife and the Plan, rather than just the Plan.

Plaintiff's amended complaint sets forth a second claim against Oxford "for benefits." (Amended Compl. ¶¶ 48–55.) Plaintiff alleges in this claim that Oxford is the plan administrator, and that it provided false information to MetLife. According to plaintiff, Oxford gave false information to MetLife by not using the 1999 Plan although the terms of that plan should have applied, and Oxford described plaintiff's job as "sedentary" rather than "light." Plaintiff notes in her claim that "a Plan Administrator" has a duty to act with care, skill, and diligence regarding administration of "plan benefits for participants and beneficiaries," but otherwise makes no mention of fiduciary duty in this claim. In her reply papers to this motion plaintiff asserts that this claim is brought for breach of fiduciary duty under 29 U.S.C. 1132(a)(1)(3), ERISA's "catchall" provision. Claim two of the amended complaint contains the same allegations as claim three of the original complaint, but is proposed under two new conditions. First, plaintiff seeks to add Oxford as a defendant, thus removing the unusual circumstance addressed on summary judgment wherein plaintiff brought allegations of breach of duty against Oxford without naming Oxford as a party or serving Oxford with the complaint. Second, plaintiff now adds the following request for relief to the "wherefore" clause of her amended complaint: "plaintiff . . . requests Judgment against defendant(s): . . . (b) ordering remand to MetLife to determine whether plaintiff is disabled within the meaning of the plan/policy for the "Any Occupation Period" commencing April 21, 2001 through the time of such adjudication." (Amended Compl. at 9.) This new request appears aimed at the requirement, discussed below, that any claimant seeking individual relief under ERISA for breach of fiduciary duty must only seek equitable relief.

Plaintiff's amended complaint sets forth a third and final claim against MetLife for "benefits terminated due to arbitrary and capricious adjudication." (Amended Compl. ¶¶ 56–72.) Plaintiff alleges in this claim that MetLife operated under a "conflict of interest," and also that it acted arbitrarily and capriciously in determining that plaintiff was not entitled to LTD benefits. Claim three of the amended complaint is the same as claim four of the original complaint, except that plaintiff removes the allegation that MetLife owes a fiduciary duty to plaintiff.

In sum, plaintiff now seeks leave to file an amended complaint which repackages claims that were largely dismissed on summary judgment. Importantly, plaintiff seeks now to add Oxford, the employer, as a defendant, seeks to bring a claim for breach of fiduciary duty under ERISA's "catchall" provision, and seeks additional relief in the form of "remand to MetLife." The Court must now determine whether plaintiff's repackaging presents an appropriate response to the Court's summary judgment decision, an inappropriate attempt to evade procedural and substantive criteria within ERISA's various sections, or both.

## Discussion

### I. *Applicable Procedural Rules*

Rule 15(a) of the Federal Rules of Civil Procedure applies when a party moves to amend her complaint. Leave to amend a complaint "shall be freely given when justice so requires," particularly when amending the complaint would not cause undue delay, bad faith, or prejudice, and would not be futile. Fed. R. Civ. Proc. 15(a);

*Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 87 (2d Cir.2002). It is well-established that "[o]ne appropriate basis for denying leave to amend is that the proposed amendment would be futile because it fails to state a claim." *Nettis v. Levitt,* 241 F.3d 186, 193 (2d Cir.2001); *see also Hayden v. County of Nassau,* 180 F.3d 42, 53 (2d Cir.1999) ("[W]here the [moving party] is unable to demonstrate that he would be able to amend his [pleading] in a manner which would survive dismissal, opportunity to replead is rightfully denied."); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."); *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991) (Kearse, J.) ("When [a party] has submitted a proposed amended [pleading], the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here, as here, there is no merit in the proposed amendments, leave to amend should be denied."). When considering whether a proposed amendment is "meritless" or "futile," the Court must conduct an inquiry comparable to the analysis governing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Milanese,* 244 F.3d at 110. Therefore, if the proposed claim would be subject to dismissal under Rule 12(b)(6), the Court should "refuse to grant leave to amend rather than assent and then await a motion to dismiss." *Bank of New York v. Sasson,* 786 F.Supp. 349, 352 (S.D.N.Y. 1992).

Under the Rule 12(b)(6) standard, the Court must "accept the allegations contained in the [pleading] as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the [pleading] 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief.' " *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Nevertheless, the [pleading] must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory; it is not up to the Court to create a new legal theory to support the [pleading]." *Koehler v. Bank of Bermuda (New York) Ltd.,* No. 96 Civ. 7885(JFK), 1998 WL 557595 (S.D.N.Y. 1998) (Keenan, J.), *aff'd,* 209 F.3d 130 (2d Cir.2000). When determining the sufficiency of a claim under Rule 12(b)(6), the Court's consideration is limited to the factual allegations in the amended pleading, as well as "those contained in documents attached to the pleadings or in documents incorporated by reference." *Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir.2001).

When a party moves to add a new defendant, Rule 21 of the Federal Rules of Civil Procedure applies. Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Momentum Luggage & Leisure Bags v. Jansport, Inc.,* No. 00 Civ. 7909, 2001 WL 58000, at *1–2 (S.D.N.Y. Jan.23, 2001) (internal quotations omitted) (collecting cases).

Here, plaintiff seeks to add her employer, Oxford, as a defendant under Rule 15. Plaintiff also makes reference to Rule 19 in her reply papers. Rule 21 properly ap-

plies to plaintiff's motion. The procedural distinction, however, is merely a technical one, as Rule 15's standards guide the Court in its determination of the procedural propriety of adding Oxford as a party at this time. *Cf. Sheldon v. PHH Corp.,* No. 96 Civ. 1666(LAK), 1997 WL 91280, at *3 (S.D.N.Y. Mar.4, 1997) ("While plaintiff's motion properly is considered under Rule 21 rather than Rule 15, nothing material turns on the distinction.... To the extent the limited case law under Rule 21 permits a conclusion, the standard under that rule is the same as under Rule 15."). The Court therefore applies Rule 15's standards in considering the procedural propriety of plaintiff's motion. Additionally, to the extent that plaintiff's motion calls on the Court to determine whether Oxford is a necessary party, the Court looks to Rule 19's criteria to inform its decision.

## II. *Granting Leave to Plaintiff to File Her Proposed Amended Complaint Would Be Futile*

Plaintiff seeks leave to file her proposed amended complaint which, among other things, adds Oxford as a defendant. Defendants claim that in light of the Court's summary judgment decision leave to file the amended complaint would be futile. Defendants argue that plaintiff seeks an "end run" around the Court's summary judgment decision, in which the Court determined that plaintiff failed to exhaust her administrative remedies, and that the chief unresolved issue is which plan document governs the determination of plaintiff's benefits.

Plaintiff has complicated her motion for leave to amend by failing to specify in her amended complaint, or in her moving papers, any statutory basis for her claims. The Court finds this omission particularly egregious because it set forth the statutory criteria of several ERISA sections on summary judgment, endeavoring to construe plaintiff's claims favorably under the most applicable ERISA section as plaintiff confronts procedural obstacles under several sections. *See Klecher,* 2003 WL 21314033, at *7 n. 9, 9, 10. Plaintiff essentially asks the Court now to find the ERISA section that best applies to her allegations and then to determine that leave to amend would not be futile because that section applies. Brought to the Court under these circumstances, each claim of plaintiff's amended complaint is analyzed below.

A. *Claim One Against the Plan and MetLife for Benefits Due and Owing*

■ · In claim one of the amended complaint plaintiff alleges that the Plan and MetLife miscalculated her salary, and thus her benefits, prior to the termination of her benefits in October 1999. (Amended Compl. ¶¶ 33–47.) Plaintiff claims that she was earning a yearly salary of $95,000 at the time she was disabled, yet the Plan and MetLife calculated her benefits according to a yearly salary of $79,810, causing a discrepancy between the benefits owed to plaintiff and the benefits received by plaintiff. (Amended Compl. ¶¶ 34–36.) Plaintiff claims that benefits are due to her because of this miscalculation.

The Court finds that permitting plaintiff to proceed upon claim one of the amended complaint would be futile. Claim one of the amended complaint is essentially the same as claim two of the original complaint. The Court construed claim two of the original complaint as one brought for denial of benefits under § 1132(a)(1)(B), and dismissed the claim for failure to exhaust administrative remedies. The Court found that plaintiff failed to exhaust her administrative remedies because she did not appeal her benefits determination to the claims administrator, MetLife. Plaintiff now simply reasserts the same claim against the Plan and MetLife. Plaintiff

offers no reason why she seeks to make this amendment, but notes in her reply papers that she "takes issue" with the Court's ruling that she failed to exhaust her remedies.

Plaintiff's attempt to reassert the claim against the Plan, and to assert it against MetLife, changes none of the considerations the Court undertook on summary judgment. The Court's exhaustion ruling applies with equal force regardless of whether plaintiff brings her miscalculation claim against the Plan or MetLife or both. By proposing this futile amendment to her already-dismissed claim, plaintiff plainly seeks to make an end run around the Court's exhaustion ruling, with which she continues to take issue. Plaintiff's attempt is inappropriate, her amendment is futile, and her request for leave finds no support in claim one of her amended complaint.

### B. *Claim Two Against Oxford for Benefits*

■ In claim two of the amended complaint plaintiff alleges that her employer, Oxford, provided false information to MetLife. Claim two of the amended complaint includes essentially the same allegations as claim three of the original complaint, which the Court dismissed because plaintiff seeks individual relief. The amended complaint, however, names Oxford, the employer, as a party, and seeks relief in the form of "remand to MetLife." In an affidavit submitted with plaintiff's motion, plaintiff's counsel offers the following reasons to permit leave to add Oxford as a defendant to this claim: "Plaintiff ... seeks to amend her complaint to join Oxford Health Plans, Inc. (which is both the employer and plan administrator) to: (A) redirect her grievances regarding miscalculation of benefits and providing prejudicial misinformation to MetLife concerning her occupational duties; (B) obtain discovery relevant to this Court's concerns [set forth in the summary judgment opinion]; and (C) obtain discovery regarding implementation regarding plaintiff's concerns." (Plaintiff's Affidavit of Counsel, sworn to July 9, 2003, ¶ 7.)

In her reply papers to this motion plaintiff asserts that this claim is brought for breach of fiduciary duty under 29 U.S.C. § 1132(a)(1)(3), ERISA's "catchall" provision. Plaintiff argues that the guidance of the Supreme Court in *Varity v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), is applicable to her action, such that she properly seeks individual relief under § 1132(a)(3) for her revised claim for breach of fiduciary duty. Plaintiff contends that permitting her to proceed on amended claim two would not be futile because the claim is permissible under *Varity* and its progeny. Defendants respond, in a sur-reply authorized by the Court, that *Varity* is inapplicable because plaintiff here, unlike the plaintiffs in *Varity* and its progeny, does not claim that Oxford made any misrepresentation *to her.* Defendants contend also that plaintiff seeks only monetary relief under § 1132(a)(3) which is impermissible according to *Great–West Life & Annuity Insurance Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

■ ERISA preempts state law claims brought by insurance plan beneficiaries, superseding such claims with "carefully integrated civil enforcement provisions." *Smith v. Dunham–Bush, Inc.,* 959 F.2d 6, 11 (2d Cir.1992). The civil enforcement provisions of section 502 of ERISA, codified at 29 U.S.C. § 1132, reflect the balance of "competing congressional purposes, ... to offer employees enhanced protection for their benefits, on the one hand, and, on the other, ... not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place." *Var-*

*ity,* 516 U.S. at 497, 116 S.Ct. 1065. The civil enforcement provisions and remedies set forth in 29 U.S.C. § 1132 for beneficiaries, therefore, are exhaustive. *See Smith,* 959 F.2d at 11. A beneficiary can sue to recover penalties for failure to provide requested information, *see* 29 U.S.C. § 1132(a)(1)(A), (c)(1), "to recover benefits due ... under the terms of [the] plan," *see* 29 U.S.C. § 1132(a)(1)(B), to obtain "appropriate relief" on behalf of the plan for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(2), to obtain "appropriate equitable relief" on her own behalf for breach of fiduciary duty, *see* 29 U.S.C. § 1132(a)(3)(B), or to obtain "appropriate relief for failure of a plan administrator to provide a statement setting forth information in the administrator's report to the Internal Revenue Service," *see* 29 U.S.C. § 1132(a)(4), *Kishter v. Principal Life Ins. Co.,* 186 F.Supp.2d 438, 442 (S.D.N.Y.2002) (citing *Lee v. Burkhart,* 991 F.2d 1004, 1008 (2d Cir.1993)). "Ordinary" denial of benefits claims find a remedy under the second enforcement provision, § 1132(a)(1)(B), which permits review of a claim administrator's denial of benefits. Breach of fiduciary duty claims find a remedy under the third and fourth enforcement provisions, § 1132(a)(2) and (a)(3).

Section 1132(a)(3) of title 29 of the United States Code provides as follows:

(a) Persons empowered to bring a civil action. A civil action may be brought—

. . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

The Supreme Court examined this section of ERISA in detail in *Varity,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130. In *Vari-*

*ty,* defendant Varity was both an employer and the plan administrator. *Id.* at 498. Acting in its fiduciary capacity as plan administrator, Varity held a meeting with employees and lied to them about the security of their benefits. *Id.* at 494, 499–501, 505, 506, 116 S.Ct. 1065. The employees brought suit under § 1132(a)(3), as no other section of ERISA applied to Varity's conduct. *Id.* at 515, 116 S.Ct. 1065 ("They must rely on the *third* subsection or they have no remedy at all."). The Court described § 1132(a)(3) as a "catchall," that "offer[s] appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Id.* at 512, 116 S.Ct. 1065. The Court ruled that Varity acted in a fiduciary capacity as a plan administrator, *id.* at 498–505, 116 S.Ct. 1065, that Varity "violated ERISA-imposed fiduciary obligations" by deceiving plan beneficiaries, *id.* at 506–07, 116 S.Ct. 1065, and that § 1132(a)(3) permits a claim for individual relief rather than merely relief sought on behalf of the plan. *Id.* at 507–15, 116 S.Ct. 1065.

Since *Varity,* courts have found § 1132(a)(3) applicable when ERISA does not elsewhere provide a remedy for a wrong suffered by plaintiff, or when plaintiff seeks additional equitable relief that differs from monetary relief sought according to the specific remedies provided in ERISA's other sections. *See Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 89–90 (2d Cir.2001) (holding that *Varity* "did not eliminate a private cause of action for breach of fiduciary duty when another potential remedy is available; instead, the district court's remedy is limited to such equitable relief as is considered appropriate," and remanding to the district court to determine whether to "permit a trier of fact to evaluate [defendant's] communications with plaintiffs for affirmative misrepresentations regarding plan benefits and for failure to provide completely accu-

rate plan information"); *Mead v. Arthur Andersen LLP*, 309 F.Supp.2d 596, 598 (S.D.N.Y.2004) ("[I]t is 'appropriate' to allow plaintiffs to include a § 502(a)(3) claim which may provide distinct relief from a § 502(a)(1) claim; it is inappropriate to include a § 502(a)(3) claim which, as here, merely duplicates the § 502(a)(1) claim."); *Rubio v. Chock Full O'Nuts Corp.*, 254 F.Supp.2d 413, 431–32 (S.D.N.Y.2003) (dismissing claim brought under § 1132(a)(3) because plaintiffs' "suit is a 'normal' case of denial of benefits under an ERISA plan," that "can be fully satisfied under § 502(a)(1)(B)"); *Kishter v. Principal Life Insurance*, 186 F.Supp.2d 438, 442 (S.D.N.Y.2002) (finding that the breach of fiduciary duty claim is separate from the denial of benefits claim because plaintiff admitted that decedent "was not entitled to benefits under the [insurance] plan itself, but alleges that [the fiduciary] should be liable for telling [decedent] that she was covered when, in fact, she was not"); *Fitch v. Chase Manhattan Bank, N.A.*, 64 F.Supp.2d 212, 228–29 (W.D.N.Y.1999) (finding that equitable relief sought under 29 U.S.C. § 1132(a)(3) is not "appropriate" because plaintiff sought the same relief under § 1132(a)(1)(B)). Cases since *Varity* have therefore fulfilled the Supreme Court's expectation "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515, 116 S.Ct. 1065.

Here, plaintiff's claim "for benefits" differs in three significant ways from claims authorized by *Varity* and its progeny. First, plaintiff does not claim that Oxford, the employer and plan administrator, deceived her. Rather, plaintiff makes the ordinary claim that Oxford provided false information to MetLife, the claims administrator. MetLife determined that plaintiff is not entitled to LTD. Plaintiff disagrees,

and brings this action as a result. Plaintiff thus simply disputes the denial of LTD benefits. Plaintiff does not claim that Oxford made any misrepresentation to her. Plaintiff therefore is not similarly situated to other plaintiffs appealing to *Varity*'s framework, who were lied to by their employer and/or plan administrator. *See, e.g., Varity*, 516 U.S. at 494, 116 S.Ct. 1065 ("The thrust of [the employer's] remarks ... was that the employees' benefits would remain secure if they voluntarily transferred to [another plan]. As [the employer] knew, however, the reality was very different."); *Abbruscato v. Empire Blue Cross and Blue Shield*, 274 F.3d 90, 102–03 (2d Cir.2001) (finding that genuine issue of material fact remains on plaintiff's breach of fiduciary duty claim because defendant allegedly misrepresented to its beneficiaries that life insurance benefits would remain constant for life when in fact they would not).

Second, whereas *Varity* holds that the "catchall" provision applies when ERISA elsewhere does not provide a remedy for a wrong, plaintiff here brings an "ordinary" denial of benefits claim for which § 1132(a)(1)(B) provides a remedy. *Cf., e.g, Mead*, 309 F.Supp.2d at 597–98 (finding that plaintiff's claim for breach of fiduciary duty merely duplicated her "ordinary" denial of benefits claim); *Rubio*, 254 F.Supp.2d at 432 (dismissing plaintiff's alternative claim for breach of fiduciary duty because the "suit is a 'normal' case of denial of benefits under an ERISA plan"); *see also Varity*, 516 U.S. at 512, 116 S.Ct. 1065 ("These 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy."); *id.* at 512, 116 S.Ct. 1065 (observing that § 502(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of

claims ... one that runs directly to the injured beneficiary"). Plaintiff merely disputes the determination that she is not entitled to long-term benefits. As ERISA provides a remedy for this wrong in § 1132(a)(1)(B), plaintiff is differently situated than other plaintiffs claiming breach of fiduciary duty according to the *Varity* framework.

Third, plaintiff does not seek "appropriate equitable relief." In *Great–West*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), the Court explained that the term "equitable relief" "must mean something less than all relief" and "must refer to those categories of relief that were typically available in equity." *Id.* at 209–10, 215, 122 S.Ct. 708. A claim for money damages is not one for equitable relief. *Id.* at 210, 122 S.Ct. 708; *see Gerosa v. Savasta & Co.*, 329 F.3d 317, 321 (2d Cir.2003); *Devlin*, 274 F.3d at 90 ("[T]he district court's remedy [for breach of fiduciary duty] is limited to such equitable relief as is considered appropriate."). Here, plaintiff seeks against all defendants money damages, interest, costs, fees, and "remand to MetLife to determine whether plaintiff is disabled within the meaning of the plan/policy." (Amended Compl. at 9–10.) Only the last of these demands qualifies as equitable relief, and this relief is not "appropriate" to the extent that it is sought against Oxford, the employer, for any alleged breach of fiduciary duty. As plaintiff brings this action for a determination that she is disabled, it is unclear how or why the Court would grant this requested relief for "remand," or, more importantly, what this requested relief has to do with Oxford. The Court finds that plaintiff does not seek "appropriate equitable relief" as required by § 1132(a)(3) and *Great–West*. Permitting plaintiff to proceed on claim two of her amended complaint therefore would be futile.

Plaintiff's first asserted justification for leave to amend, "to redirect her grievances regarding miscalculation of benefits" based upon "prejudicial information [provided] to MetLife concerning her occupational duties," lacks a foundation in *Varity*. The Court finds that plaintiff's proposed amended complaint constitutes merely an effort to repackage her unsuccessful breach of fiduciary duty claim to evade both § 1132(a)(1)(B)'s exhaustion requirement and § 1132(a)(2)'s requirement that plaintiff seek relief on behalf of the plan. *Cf. Varity*, 516 U.S. at 514, 116 S.Ct. 1065 (discussing the unwanted consequence that "lawyers will complicate ordinary benefit claims by dressing them up in 'fiduciary duty' clothing").

Moreover, plaintiff's second and third asserted justifications for leave to amend, to obtain discovery from Oxford, offer no reason to permit plaintiff to add Oxford as a defendant. A movant may not add a party simply on the ground that the party has information relevant to the case. Rule 19, for example, which governs the joinder of indispensable parties, does not include access to discovery as a reason to join a party. *See* Fed. R. Civ. Proc. 19; *Johnson v. The Smithsonian Inst.*, 189 F.3d 180, 188–89 (2d Cir.1999). The Second Circuit has explained that " 'the question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual.' " *Johnson*, 189 F.3d at 188 (quoting *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1044 (D.C.Cir.1981)) (collecting cases); *see Third Avenue Trust v. Suntrust Bank*, 163 F.Supp.2d 215, 218 (S.D.N.Y.2001) (rejecting movant's argument "that complete relief cannot be accorded among the parties in Montgomery's absence because Montgomery has access to all the relevant data," because "[c]ourts have consistently

held that knowledge of relevant information does not render an individual a necessary party"). In short, whether a movant seeks discovery from a party does not bear on whether that party should be joined in an amended complaint.

Here, plaintiff's argument that Oxford must be added as a party via an amended complaint because it has possession of discoverable information is without merit. Oxford is not an indispensable party, and its possible possession of material information is irrelevant. Moreover, plaintiff may make discovery requests of Oxford regardless of whether it is a party. Under Rule 45, "a non-party may be required to produce for discovery materials which are in the non-party's possession, custody, or control." *Securities and Exchange Commission v. Credit Bancorp, Ltd.,* 194 F.R.D. 469, 471 (S.D.N.Y.2000) (citing Fed. R.Civ.P. 45). The Court therefore declines to grant plaintiff's motion simply because she may seek discovery from Oxford.

The Court finds that permitting plaintiff leave to amend her complaint to proceed on claim two would be futile.

### C. Claim Three Against MetLife for Benefits Terminated Due to Arbitrary and Capricious Adjudication

Claim three of plaintiff's amended complaint is the same as claim four of the original complaint, except that plaintiff eliminates an allegation in this claim that MetLife breached its fiduciary duty to plaintiff. The Court construed plaintiff's original claim four as one brought for denial of benefits under § 1132(a)(1)(B), and found that summary judgment on this claim was inappropriate because the proper governing plan for 1999, and whether this plan was distributed to participants, remained unclear. *Klecher,* 2003 WL 21314033, at *7. Plaintiff's proposed amendment to this claim responds to the

Court's ruling. Although this amendment is not necessary, it causes no prejudice or undue delay to defendants and granting leave to permit this amendment would not be futile. The Court thus grants leave to plaintiff to amend her complaint to include the minor alterations to her claim against MetLife "for benefits terminated due to arbitrary and capricious adjudication."

### III. Justice Requires the Court to Grant Leave to Plaintiff to File an Amended Complaint that Conforms to this Court's Rulings

The Court denies plaintiff's request for leave to file the proposed amended complaint she attaches to her notice of motion, because her new claims one and two lack legal support and would be futile. As leave to amend the complaint shall be freely given when justice so requires, however, the Court permits plaintiff to amend her complaint to correct a technical discrepancy. Plaintiff's original complaint names the Plan as a defendant, and plaintiff overcame summary judgment on her claim for payment of penalties against the plan under 29 U.S.C. § 1132(c) (claim one of the original complaint). The Court denied summary judgment upon a finding that the Plan is the plan administrator. Plaintiff clarifies, however, in her amended complaint, that Oxford Health Plans, Inc., that is, Oxford, the employer, is the plan administrator. (Amended Compl. ¶ 50.) As Oxford is the plan administrator, plaintiff's original allegations against the plan administrator in claim one are properly directed at Oxford, not the Plan. Adding Oxford in this context because it is the plan administrator does not constitute any "end run" around the Court's summary judgment ruling or ERISA's procedural requirements, but merely corrects a technical defect of the original complaint. The Court therefore grants leave to plaintiff to amend her complaint to name the plan adminis-

trator, Oxford, as the party against which she brings her original claim one for payment of penalties.

**Conclusion**

For the reasons set forth above, the Court grants plaintiff's request for leave to file an amended complaint. Plaintiff may not, however, file the proposed amended complaint attached to her notice of motion, as doing so would be futile. Rather, plaintiff may file a complaint amended in a manner consistent with this opinion and order. Specifically, the Court grants leave to plaintiff to make the limited proposed amendments to her original claim four, *see supra* II.C, and to name Oxford as the party against whom plaintiff brings original claim one, *see supra* III. The leave permitted by the Court is limited to these amendments only.

SO ORDERED.