**Karen CHAPRO, Plaintiff**

v.

**SSR REALTY ADVISORS, INC. SEVERANCE PLAN, William Finelli in his official and personal capacities, and Thomas P. Lydon, Jr., in his official and personal capacities, Defendants**

No. 03 CIV. 10253(SCR).

United States District Court, S.D. New York.

Dec. 10, 2004.

---

Jeffrey C. Slade, Slade & Associates, P.C., New York, NY, for Plaintiff.

Norman Louis Tolle, Rivkin, Radler, LLP, Uniondale, NY, for Defendants.

## MEMORANDUM DECISION, AND ORDER

ROBINSON, District Judge.

### I. Background

#### A. Procedural Posture

Karen Chapro (the "Plaintiff") filed this action against SSR Realty Advisors, Inc. Severance Plan ("Plan"), William Finelli in his official and personal capacities ("Finelli"), and Thomas P. Lydon, Jr. in his official and personal capacities ("Lydon") (Finelli and Lydon are collectively referred to herein as the "Individual Defendants"; the Plan, Finelli and Lydon are collectively referred to herein as the "Defendants"), under the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, Plaintiff alleges that she was wrong-

fully denied severance benefits in violation of 29 U.S.C. § 1132(a)(1), and that the Individual Defendants breached their fiduciary duties in violation of 29 U.S.C. § 1132(a)(3).

The Individual Defendants filed a motion to dismiss all claims against them, seeking relief on three grounds: (1) they are not subject to suit under § 1132(a)(1); (2) Plaintiff's claim under § 1132(a)(3) cannot be maintained because her claim under § 1132(a)(1) provides her only remedy in this case; (3) even if she could assert claims under both provisions, she has failed to state a cause of action for breach of fiduciary duty.

### B. Factual History

In June 1996, the Plaintiff began employment as Associate Counsel for MetLife Realty Group, Inc. ("MRG") in White Plains, NY. MRG was a wholly-owned subsidiary of SSRM Holdings, Inc., which in turn was a wholly-owned subsidiary of Metropolitan Life Insurance Company. In 1997, MRG merged with Metric Realty, another wholly-owned subsidiary of SSRM, to form SSR Realty Advisors, Inc. ("SSR"). The Plaintiff maintained the same position in the newly formed company.

In April 2002, SSR announced that all SSR employees would be moving to offices in Morristown, New Jersey. According to the Plaintiff, the existing language of SSR's severance plan guaranteed relocation benefits to any employee who would be relocated "beyond a reasonable commuting distance." Later in April 2002, SSR distributed amendments to its Plan, which specified that severance benefits would be available to any employee whose position is relocated 50 miles or more from his or her current work location and whose commute to work was, as a result, increased by 50 miles or more. Both the prior and amended versions of the Plan named Finelli, Chief Financial Officer of SSR, as Plan Administrator, and granted him discretionary authority to make eligibility and benefit determinations under the Plan.

After the amendments were issued, the Plaintiff spoke to Marilyn DiGirolamo, Director of Human Resources at SSR, and Herm Howerton, SSR's General Counsel, both of whom indicated that they did not believe that Plaintiff would be entitled to severance if she resigned. On June 6, 2002, SSR distributed a document specifying the administrative procedures that would be followed in determining whether employees met the mileage requirements.[1] On June 19, 2002, Finelli informed the Plaintiff that her claim for benefits had been denied. On August 9, 2002, the Plaintiff appealed her denial to Lydon, the Claims Reviewer, who also allegedly had discretionary authority over the administration of the plan. Lydon denied Plaintiff's appeal in October. The Plaintiff filed this action on December 29, 2003, seeking lost benefits of at least $120,000 and an order enjoining the Plan Administrators to properly enforce the terms of the Plan.

### II. Analysis

### A. Applicable Standard

■ In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the

---

1. In particular, the procedures called for the Administrator to rely on the "fastest route" calculator on the Internet websites "Mapquest" and "Mapblast." If these two sites gave contradictory conclusions, the Administrator was to use the "quickest route" calculator on the website "Expedia." Plaintiff objected to this methodology in part because it failed to utilize websites that she had brought to Mr. DiGirolamo's and Mr. Howerton's attention during her prior meetings, and which produced more favorable results for her claim.

court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). We may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

### B. Whether the Individual Defendants Can Properly Be Sued Under § 1132(a)(1)

The Individual Defendants argue that beneficiaries bringing claims under § 1132(a)(1) can recover only against the Plan or the entity that retained the benefits. Plaintiff responds that plan administrators are proper defendants to a claim for unlawful denial of benefits. Plaintiff is correct.

In a recovery of benefits claim, "only the plan *and the administrators and trustees of the plan in their capacity as such* may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir.1989) (emphasis added). The Individual Defendants are alleged to be administrators of the plan and are thus proper defendants to Plaintiff's claim under § 1132(a)(1).

The Individual Defendants argue that there is no authority for allowing plan administrators to be named as defendants when the administrators are individuals (as opposed to entities). This argument is unpersuasive. In fact, in *Crocco v. Xerox Corp.*, the Second Circuit adjudicated a § 1132(a)(1) claim brought against a plan administrator who was an individual, Patricia Nazemetz, even after holding that the

other Defendant, Xerox, was not properly named as a Defendant in that case. *See* 137 F.3d 105, 108 (2d Cir.1998). Moreover, it is hard to understand why the Second Circuit would need to specify that administrators and trustees can be held liable "in their capacity as such," *Leonelli*, 887 F.2d at 1199, if it actually intended that administrators who are individuals cannot be held liable.

Defendants are correct, however, in pointing out that this same language precludes the Plaintiff from suing the individual plan administrators in their *personal* capacities. *See Manginaro v. Welfare Fund of Local 771, I.A.T.S.E.*, 21 F.Supp.2d 284, 300–01 (S.D.N.Y.1998) (§ 1132(a)(1) claims must be dismissed to the extent that they seek to hold the Trustees personally liable for benefits allegedly due under the Plan). Moreover, it is worth noting that, although a trustee can be sued in his official capacity, such suits are treated as suits against the plan. *See id.* at 301.

As such, Plaintiff's § 1132(a)(1) claim against the Individual Defendants in their personal capacities is dismissed.[2]

### C. Whether Plaintiff Can Maintain Her § 1132(a)(3) Claim Along With Her Claim Under § 1132(a)(1)

The Individual Defendants argue that, since Plaintiff is seeking to recover severance benefits solely on her own behalf, and is not demanding proper enforcement of the Plan more broadly, her sole remedy is under § 1132(a)(1). Plaintiff responds that Second Circuit precedent permits her to assert both claims simultaneously so as to ensure all avenues of

---

**2.** It is unclear whether plan administrators are liable under § 1132(a)(3) in their personal capacities. *See Brown v. Stenger*, 1988 WL 70603, at *1 (S.D.N.Y.1988), 1988 U.S. Dist.

LEXIS 6423, at *1. Since the Individual Defendants have not raised this issue in this motion, the court declines to address it.

relief are available in the event that her § 1132(a)(1) fails.

Plaintiff's analysis is correct. In *Devlin v. Empire Blue Cross & Blue Shield,* the Second Circuit expressly disagreed with the argument that there is no private action for breach of fiduciary duty under ERISA when another remedy is available under § 1132. 274 F.3d 76, 89 (2d Cir. 2001). The court explained that "such claims alleging breach of fiduciary duty could be brought by individual plaintiffs because ERISA § 502(a)(3) 'acts as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502 does not elsewhere adequately remedy.'" *See id.* quoting *Varity Corp. v. Howe,* 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996).

In response, the Individual Defendants point to cases that limit *Devlin* to instances in which plaintiffs are seeking different relief under their § 1132(a)(1) claim than under their § 1132(a)(3) claim. *See Mead v. Arthur Andersen, LLP,* 309 F.Supp.2d 596, 598 (S.D.N.Y.2004); *Erikson v. Ungaretti & Harris,* 2003 WL 22836462, at *2 n. 2 (N.D.Ill.2003), 2003 U.S. Dist. LEXIS 21173, at *8 n. 2 (distinguishing *Devlin* on the ground that the plaintiffs in that case faulted the defendants for failing to provide necessary plan documentation, which could have been remedied by ordering the turnover of the documents).

This court disagrees with the interpretation of *Devlin* in *Mead* and *Erikson.* First, *Devlin* noted that the plaintiffs' fiduciary duty claim was based on allegations that the defendant failed to act in accordance with the life insurance plan documents—not on failing to turn over any documents to the plaintiffs. *See* 274 F.3d

at 87. Moreover, the court directly recognized that, should the plaintiffs recover benefits under § 1132(a)(1), further equitable relief under § 1132(a)(3) might not be appropriate. *See Devlin,* 274 F.3d at 89. As such, the court was aware of the fact that the relief called for by § 1132(a)(1) might be the same as that called for by § 1132(a)(3).

Therefore, it is clear that the Second Circuit was not requiring that plaintiffs asserting § 1132(a)(3) claims request some relief other than lost benefits. *See Suozzo v. Bergreen,* 2002 WL 1402316, at *5 (S.D.N.Y.2002), 2002 U.S. Dist. LEXIS 11726, at *16 (To the extent that the plaintiff is seeking appropriate equitable relief for violations of ERISA that resulted in an erroneous determination of his benefits, the plaintiff is raising a claim under 29 U.S.C. § 1132(a)(3). § 1132(a)(1)(B) and § 1132(a)(3) claims may proceed in tandem at the pleading stage); *AMA v. United Healthcare Corp.,* 2002 WL 31413668, at *7 (S.D.N.Y.2002), 2002 U.S. Dist. LEXIS 20309, at *23 (Even if the claims are duplicative, no binding authority has held that a plaintiff cannot plead both claims. At this point in the proceedings, plaintiffs are entitled to proceed under both ERISA theories.) (internal quotations omitted).[3]

Therefore, Plaintiff can assert claims under both § 1132(a)(1) and § 1132(a)(3) at this stage of the case.

## D. Whether Plaintiff Has Stated A Cause of Action For Breach of Fiduciary Duty

■ Defendant argues that Plaintiff has failed to state a cause of action because she has provided only bare, conclusory

**3.** As Plaintiffs admit, such equitable relief has been severely circumscribed by the Supreme Court's recent decision in *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), and would not include specific performance under the plan, i.e. reimbursement. *See* 534 U.S. at 210–11, 122 S.Ct. 708.

statements with no factual substantiation. In her complaint, Plaintiff claims that the Individual Defendants "breach[ed] their fiduciary duties to her to deal fairly and honestly with her and to discharge their duties solely for the benefit of participants such as herself."

Contrary to Defendants' argument, Plaintiff has buttressed this claim in part with the allegation that the Individual Defendants "failed to consider the relevant factors or to consult with an outside consultant" when making determinations as Mr. Finelli allegedly promised he would do. This allegation is sufficient to satisfy Plaintiff's limited burden at this stage.[4]

## III. Conclusion

For the foregoing reasons, Plaintiff's § 1132(a)(1) claim against the Individual Defendants in their personal capacities is DISMISSED, but the Individual Defendants' motion to dismiss in all other respects is DENIED.

It is so ordered.

---

4. In their reply brief, the Individual Defendants raised for the first time the argument that Plaintiff fails to state a cause of action under § 1132(a)(3) in part because Finelli's statement, which was made in passing during a business meeting, does not and cannot constitute a binding representation. The task of determining the true nature and legal effect of this statement is for another day.